THE FARMERS & MECHANICS' BANK OF GEORGETOWN AND
CLEMENT COX

.*vs.*

GEORGE COVER AND PERES PACKARD, ASSIGNEES, AND GEORGE
COVER AND JULIANA HAYMAN, ADMINISTRATORS OF WIL-
LIAM HAYMAN, DECEASED.

EQUITY. DECIDED APRIL 11, 1844.

*Suit for an Injunction.*

Fixtures placed in a brewery by the owner of the premises, after mortgaging the premises to secure the payment of a debt, pass on the sale of the premises by the terms of the mortgage to the purchaser, and do not on the decease of the mortgagor go to his administrators as a part of the personal property of the deceased. Nor do they on an assignment of his property, real, personal and mixed (including said fixtures), for the benefit of his creditors, go to the assignees.

The object of this bill was to decide whether certain fixtures went with the freehold, or whether it was personal property to be administrated by the representatives of the deceased.

The deceased, on the 10th day of November, 1829, to secure certain indebtedness due by him to the bank, executed a deed of trust to Clement Cox, conveying all his right, title, interest and estate to four lots in square 4, " with the improvements, privileges, advantages, rights, ways, and *appurtenances* to the said lots, part of lot, piece or parcel of ground, or any of them belonging or in anywise appertaining."

On the eleventh day of February, 1842, he assigned to George Cover and Peres Packard, for the benefit of his creditors, all his property, whether real, personal or mixed, describing the said lots in square 4, and other real estate and personal property, " together with all the other material, utensils, and apparatus belonging and appertaining to the business of brewing carried on by the said party of the first part."

In compliance with the terms of the deed of trust, the said lots were advertised and sold, and at the said sale the trustee

12

proclaimed that he undertook to sell and give a good title to the fixtures attached to and connected with the freehold, and the said lots were bid for by the bank.

The complainants state in their bill that the fixtures of apparatus and machinery are firmly attached to and connected with the freehold, and are expressly adapted and designed for a brewery, and pray that the defendants may be enjoined from molesting or disturbing their title to said fixtures.

The defendants, in their answer, claimed to be entitled, under the specific description and assignment contained in the deed to them, to the utensils, implements, apparatus and machinery referred to in the complainant's bill. That they, as administrators, claimed the same as a part of the personal estate and assets of the deceased. That when the deed was executed to secure said bank, the buildings were not completed and made fit for said utensils, &c. That said utensils, &c., were not placed on the said lots until after the date of said deed. That the said utensils, &c., are mere moveable chattels placed within said buildings after they were erected. That the said utensils, &c., can be taken out of and removed from the said buildings without any injury or prejudice to the said buildings, and with very little injury to the utensils themselves, having been placed there for the purpose of trade.

CLEMENT COX for complainants.

W. REDIN for defendants.

The depositions of the witnesses were quite conflicting as to whether the utensils, &c., were attached to the buildings or could be moved without injury to the buildings.

The cause having been heard and duly considered by the court, it was ordered, adjudged and decreed that the defendants be, and they are, perpetually enjoined and restrained from molesting or disturbing the title of the complainants respectively to the fixtures set up on the premises described in complainants' bill.